UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO. 2:20-cr-126 |
| vs. | CHIEF JUDGE MARBLEY |
| DENIA IDELCA AVILA, DANIEL GARY ALLDER, and ANTWUAN GREEN, JR. | SECOND SUPERSEDING INDICTMENT |
| Defendants. | 18 U.S.C. §§ 1201(c) and (d) 18 U.S.C. § 2 18 U.S.C. § 371 18 U.S.C. § 1512(k) |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times relevant to this Second Superseding Indictment:

1. The defendants, **DENIA IDELCA AVILA** ("**AVILA**") and **ANTWUAN GREEN, JR.** ("**GREEN, JR.**"), resided in or near Columbus, Ohio, within the Southern District of Ohio.

2. The defendant, **DANIEL GARY ALLDER** ("**ALLDER**"), initially resided in or near Atlanta, Georgia, but later relocated to in or near Columbus, Ohio.

3. From in or about 2014 until in or about May 2019, **AVILA** and VICTIM #1 were in a romantic relationship.

4. On or about December 22, 2014, VICTIM #1 was deported from the United States and returned to Mexico. **AVILA** joined him shortly thereafter in Mexico. In or about January 2015, **AVILA** arranged for a "coyote" or smuggler to transport VICTIM #1 across the United

States' border illegally in exchange for several thousand dollars. Once back in the United States, **AVILA** and VICTIM #1 returned to the Columbus, Ohio area.

5. Because of VICTIM #1's illegal status in the United States, **AVILA's** suspended driver's license, and possible insurance benefits, vehicles shared by the couple, including a white 2013 Cayenne Porsche and a blue 2012 EOS Volkswagen, were registered using the identity of another person that VICTIM #1 obtained. After their breakup, VICTIM #1 maintained in his possession the titles to these vehicles; **AVILA** kept the actual vehicles.

6. Beginning in at least September 2019, VICTIM #1 and VICTIM #2 were in a romantic relationship after having met at their place of employment. During this same month, **AVILA** learned of their relationship.

7. From in or about September 2019 through in or about November 2019, **AVILA** engaged in, and caused others to engage in, harassment and surveillance of VICTIM #1 and VICTIM #2.

## COUNT 1
### (Conspiracy to Commit Kidnapping)

8. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Second Superseding Indictment are re-alleged and fully incorporated by reference herein.

9. From at least November 13, 2019 and continuing until at least December 4, 2019, in the Southern District of Ohio, the defendants, **DENIA IDELCA AVILA and ANTWUAN GREEN, JR.**, did knowingly and intentionally combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury, including Jessica Elizabeth Wise ("Wise"), Ellis LaTrent Ray, II ("Ray"), Michael Keith Ousley ("Ousley"), and Jerry E. McCallister, Jr. ("McCallister") to unlawfully and willfully seize, confine, kidnap, abduct and

carry away VICTIM #1, known to the Grand Jury, and hold for ransom, reward or otherwise, to wit, for **AVILA's** own benefit and purpose, and use means, facilities, and instrumentalities of interstate commerce in furtherance of the commission of said offense, including cellular telephones, in violation of 18 U.S.C. § 1201(a).

10. In furtherance of the conspiracy, and to achieve its object, the defendants committed one or more of the following overt acts:

   a. From at least on or about November 17, 2019 and continuing on November 30, 2019, **AVILA** conducted numerous online searches researching various topics, including "where to buy hand cuffs and feet shackles," "The Hilliard Police," "army surplus stores," "ice costume," "ICE Federal Agent Halloween Costume," "ice coat," "ice costume," "Immigration costume," "immigration officer uniform," "immigration officer jacket," "ice immigration," "cousins army navy and surplus store," "army surplus store," "police lights for sale," and "police ice vest," as well as searches for emergency lights, plate carries, and bulletproof vests.

   b. On or about November 22, 2019, **AVILA** and Wise discussed, both in person and over cellular telephones, a plan to kidnap VICTIM #1 and VICTIM #2.

   c. On or about November 24, 2019, Wise reached out by cellular telephone to Ousley for the purpose of connecting Ousley with **AVILA**.

   d. On or about November 24, 2019, Ray contacted **GREEN, JR.** via cellular telephone. That same day, **AVILA** and Ray approached and recruited **GREEN, JR.** for participation in the kidnapping of VICTIM #1.

   e. On or about November 24, 2019, **GREEN, JR.** recruited Co-conspirator #2, an individual known to the Grand Jury, to participate in the kidnapping of VICTIM #1 as well.

3

   f. On or about November 24, 2019, **AVILA, GREEN, JR.** and Ray traveled to the residence of VICTIM #1 and VICTIM #2 as part of the preparation for the kidnapping of VICTIM #1.

   g. On or about November 24, 2019, **AVILA, GREEN, JR.**, Ray as well as Co-Conspirators #2 and #3 met and stayed at a place rented by **AVILA** to further plan the kidnapping of VICTIM #1.

   h. On or about November 25, 2019, **AVILA, GREEN, JR.**, Ray, and Co-Conspirators #2 and #3, also an individual known to the Grand Jury, traveled together to the residence of VICTIM #1 and VICTIM #2 for the purpose of kidnapping VICTIM #1.

   i. On or about November 25, 2019, **GREEN, JR.**, Ray, and Co-conspirators #2 and #3 exited the vehicle and approached the residence and vehicle of VICTIM #1. **GREEN, JR.** used a Taser, provided by **AVILA**, in an attempt to subdue VICTIM #1.

   j. Between on or about November 25, 2019 and December 3, 2019, Ousley conducted surveillance of VICTIM #1.

   k. On or about November 29, 2019, **AVILA** traveled to Surplus World, Inc. in Columbus, Ohio and purchased two utility belts, one set of two "police" badges (patches), and two U.S. Immigration patches.

   l. On or about November 30, 2019, **AVILA** and Ousley traveled to General Merchandise in Pataskala, Ohio, where **AVILA** purchased a black plate carrier (used with bullet proof vests) and Ousley tried on shirts.

   m. On or about November 30, 2019, **AVILA** and Ousley met at a hotel in Columbus, Ohio and discussed the plan to kidnap VICTIM #1. Ousley also tried on the police clothing, including a shirt and Immigration/ICE hat that **AVILA** purchased.

4

      n.      From on or about December 2, 2019 and continuing until December 5, 2019, Ousley and McCallister communicated using cellular telephones about the plan to kidnap at least VICTIM #1.

      o.      On or about December 4, 2019, **AVILA**, Ousley and McCallister traveled to the residence of VICTIM #1 and VICTIM #2 for the purpose of kidnapping at least VICTIM #1.

      p.      On or about December 4, 2019, during the attempted kidnapping, one or more of the defendants wore black jackets with "police" patches and showed a piece of paper with VICTIM #1's picture on it to VICTIM #2 while shouting "police."

**In violation of 18 U.S.C. § 1201(c).**

## COUNT 2
### (Attempted Kidnapping)

11.    The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Second Superseding Indictment as well as the allegations set forth in Count 1 are re-alleged and fully incorporated by reference herein.

12.    On or about November 25, 2019, in the Southern District of Ohio and elsewhere, the defendants, **DENIA IDELCA AVILA, ANTWUAN GREEN, JR.**, Ellis LaTrent Ray, II, and others both known and unknown to the Grand Jury, aiding and abetting each other and others, did attempt to unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away VICTIM #1, and hold for ransom, reward, and otherwise, to wit: for **AVILA's** own benefit and purpose, and did use means, facilities, and instrumentalities of interstate commerce in committing and in furtherance of the commission of said offense, including cellular telephones.

**In violation of 18 U.S.C. §§ 1201(d) and 2.**

5

## COUNT 3
### (Attempted Kidnapping)

13. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Second Superseding Indictment as well as the allegations set forth in Count 1 are re-alleged and fully incorporated by reference herein.

14. On or about December 4, 2019, in the Southern District of Ohio and elsewhere, the defendants, **DENIA IDELCA AVILA**, Michael Keith Ousley and Jerry E. McCallister, Jr., aiding and abetting each other, did attempt to unlawfully and willfully seize, confine, inveigle, kidnap, abduct, and carry away VICTIM #1, and hold for ransom, reward, and otherwise, to wit: for **AVILA's** own benefit and purpose, and did use means, facilities, and instrumentalities of interstate commerce in committing and in furtherance of the commission of said offense, including cellular telephones.

**In violation of 18 U.S.C. §§ 1201(d) and 2.**

## COUNT 4
### (Conspiracy to Impersonate an Agent of the United States)

15. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Second Superseding Indictment as well as the allegations set forth in Count 1 are re-alleged and fully incorporated by reference herein.

16. From at least on or about November 25, 2019 and continuing until on or about December 4, 2019, in the Southern District of Ohio, the defendants, **DENIA IDELCA AVILA**, Michael Keith Ousley and Jerry E. McCallister, Jr., did knowingly and intentionally conspire and agree together to commit an offense against the United States, that is, the impersonation of a federal officer or agent for purposes of making an arrest, in violation of 18 U.S.C. § 913.

**Manner and Means**

17. It was part of the conspiracy that **AVILA** shared with Ousley and others known to the Grand Jury that VICTIM #1 was not present in the United States legally.

18. It was part of the conspiracy that **AVILA** researched online information about police and U.S. Immigration and Enforcement (ICE).

19. It was part of the conspiracy that Ousley tried on shirts, hats and other attire bearing police and immigration logos before the attempted kidnapping of VICTIM #1 on December 4, 2019.

**Overt Acts**

20. In furtherance of the conspiracy, the defendants committed the following overt acts:

    a. From at least on or about November 17, 2019 and continuing on November 30, 2019, **AVILA** conducted numerous online searches researching various topics, including "where to buy hand cuffs and feet shackles," "The Hilliard Police," "army surplus stores," "ice costume," "ICE Federal Agent Halloween Costume," "ice coat," "ice costume," "Immigration costume," "immigration officer uniform," "immigration officer jacket," "ice immigration," "cousins army navy and surplus store," "army surplus store," "police lights for sale," and "police ice vest," as well as searches for emergency lights, plate carries, and bulletproof vests.

    b. On or about November 29, 2019, **AVILA** traveled to Surplus World, Inc. in Columbus, Ohio and purchased two utility belts, one set of two "police" badges (patches), and two U.S. Immigration patches.

    c. On or about November 30, 2019, **AVILA** and Ousley traveled to General Merchandise in Pataskala, Ohio, where **AVILA** purchased a black plate carrier (used with bullet proof vests) and Ousley tried on shirts.

7

      d.      On or about November 30, 2019, **AVILA** and Ousley met at a hotel in Columbus, Ohio and discussed the plan to kidnap VICTIM #1. Ousley also tried on the police clothing, including a shirt and Immigration/ICE hat that **AVILA** purchased.

      e.      On or about December 4, 2019, **AVILA**, Ousley and McCallister attempted to kidnap VICTIM #1 while wearing black jackets with "police" patches and showing a picture of VICTIM #1 and shouting "police."

**In violation of 18 U.S.C. § 371.**

## COUNT 5
### (Conspiracy to Witness Tamper)

21.    The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Second Superseding Indictment as well as the allegations set forth in Count 1 are re-alleged and fully incorporated by reference herein.

22.    On December 5, 2019, Hilliard Police Department detectives contacted **AVILA** in connection with the events alleged in Counts 1, 2, and 3 of this Second Superseding Indictment.

23.    On December 12, 2019, **AVILA** was charged by way of indictment in the Franklin County Court of Common Pleas in connection with the events alleged in Counts 1, 2, 3 of the Second Superseding Indictment.

24.    Beginning on or about December 6, 2019, and continuing through at least June 9, 2020, **AVILA** and **ALLDER** communicated, and caused to be communicated, including by telephone, text messages, and multimedia messages, information regarding VICTIM #1 to Immigration and Customs Enforcement (ICE), in order to cause ICE to initiate an investigation of VICTIM #1, and with the goal of causing the deportation of VICTIM #1.

25. On July 15, 2020, **AVILA** was charged in connection with the events alleged in Counts 1, 2, 3, and 4, in the United States District Court for the Southern District of Ohio, by criminal complaint.

26. On July 28, 2020, **AVILA** was charged in connection with the events alleged in Counts 1, 2, 3, and 4, in the United States District Court for the Southern District of Ohio, by indictment returned by a grand jury.

27. Beginning on at least July 14, 2020 and continuing until at least on or about August 25, 2020, in the Southern District of Ohio, and elsewhere, the defendants, **DENIA IDELCA AVILA** and **DANIEL GARY ALLDER**, did unlawfully, knowingly, and willfully combine, conspire, and agree together to corruptly obstruct, influence, and impede, or attempt to do so, an official proceeding, to wit: a Federal Grand Jury Investigation and proceeding before a judge or court of the United States, in violation of 18 U.S.C. § 1512(c)(2), through continued communications, both telephonic and electronic, with ICE regarding VICTIM #1, to include providing photographs of VICTIM #1's vehicle and residence taken by **ALLDER** while conducting surveillance, in order to cause ICE to pursue an investigation of VICTIM #1, and with the ultimate goal of causing the deportation of VICTIM #1 and thus, his unavailability for participation in any official proceedings.

**In violation of Title 18, United States Code, §§ 1512(k) and 2.**

9

A TRUE BILL

_____s/Foreperson_____
**FOREPERSON**

VIPAL J. PATEL
ACTING UNITED STATES ATTORNEY

*/s/ Jessica W. Knight*
JESSICA W. KNIGHT, (0086615)
Assistant United States Attorney
CHRISTOPHER ST. PIERRE (0097673)
Special Assistant United States Attorney