UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:20-cr-126 (7)** |
| vs. | |
| **ANTWUAN GREEN, JR.,** | **CHIEF JUDGE MARBLEY** |
| **Defendant.** | |

## ADDENDUM TO GOVERNMENT'S SENTENCING MEMORANDUM

On Friday, February 25, 2022, the Court continued the sentencing of Defendant Antwuan Green, Jr. to allow the Court additional time to deliberate and to permit the parties additional time to consider their positions regarding Defendant's sentence. The Court inquired of the United States as to any factors for consideration that the Court was not aware of and instructed the government to reassess its sentencing recommendation. For the reasons set forth herein, and considering all other relevant factors, the United States reaffirms its recommendation that Defendant Antwuan Green, Jr. be sentenced to a term of imprisonment of 33 months, followed by three years of supervised release, and a $100 special assessment, and concurs with the PSR's determination that Defendant should pay $428.00 in restitution, jointly and severally with all other defendants sentenced in relation to this case.

### I. BACKGROUND

In November of 2019, Defendant Antwuan Green, Jr., knowingly joined a conspiracy to kidnap at least one victim, and participated in a kidnapping attempt wherein he deployed a stun gun against the victim's neck. In October of 2021, Defendant entered a guilty plea to one count

of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 371. Defendant's initial sentencing guideline range is 135 to 168 months. PSR at ¶92. The parties' plea agreement to a single count of § 371 provided a 60-month statutory cap. Considering mitigating factors in Defendant's favor, the United States recommended a further reduction to a sentence of 33 months. Sentencing in this case has been reset for April 1, 2022.

## II. ARGUMENT

Considering the serious nature of Defendant's conduct, and the factors in mitigation and all filings by the parties, the United States maintains its original recommendation of 33 months.

### a. Green Jr's conduct warrants the initial guideline range of 135 to 168 months.

As an initial matter, Defendant's actions—and not merely those attributed to him through the conspiracy—warrant the initial guideline range of 135 to 168 months. Green, Jr.'s assault of Victim #1 was the only direct, hands-on violence perpetrated as part of this conspiracy. What's more, Green, Jr. chose violence in excess, even, of the instruction of co-defendant Denia Avila, who planned and orchestrated the two kidnapping attempts. Avila had directed Green, Jr. not to proceed with the kidnapping if Victim #2 was present, but he assaulted Victim #1 regardless of her presence. While Avila may ultimately be the most culpable, as the leader and organizer of the conspiracy, it was Green, Jr. who was the most violent.

The details of Green, Jr.'s attack of Victim #1 were the driving facts in support of a sentencing enhancement for use of the dangerous weapon, as the Court applied to his co-defendants Jessica Wise and Ellis LaTrent Ray, II. The government additionally expects that Green, Jr.'s use of the stun gun will, likewise, support a sentencing enhancement for use of a dangerous weapon in relation to the sentencing for Avila.

This defendant's sentence should reflect the violent role he played—and volunteered for—in the conspiracy.  The investigation revealed that Green, Jr. joined the kidnapping conspiracy with enthusiasm.  He volunteered to take the stun gun and use it against Victim #1, and then did so.  While it could be argued that Ray joined and remained in the conspiracy from a failure of courage to do the right thing, Green, Jr.'s involvement was without compunction, for the sake of money.  This represents a different kind of culpability than that of his codefendant, and his sentence should reflect that difference.

> b. *The mitigating factors in Green, Jr.'s favor do not warrant an even lower sentence.*

Defendant's sentencing memo, the PSR, the conversation before the Court about this sentencing, and the parties' other filings all include discussion of mitigating factors that warrant consideration in favor of a sentence below the 135-to-168-month guideline range.  In light of those factors, the United States negotiated a plea agreement with a statutory maximum sentence of 60 months, and recommends that a sentence of 33 months is appropriate.  Furthermore, the United States submits that some aspects of this case and of the Defendant, thus far discussed in the tenor of mitigation, either warrant no reduction, or, are, in fact, aggravating circumstances.

Defendant's upbringing is not a source of mitigation.  Defendant was raised in a stable, suburban home.  While he was far from desperate for money or starving, Green, Jr. admitted that his motivator was greed.  For the sake avarice, Green, Jr. participated in a felony conspiracy and harmed two people in a profound way.  Defendant was not a middle-class kid merely pretending to be a street criminal: when he unilaterally assaulted Victim #1, Green, Jr. successfully performed a transition to that role.  Green, Jr. had enough, such that he had no excuse to harm anyone else to get more.  The fact that he did so is, if anything, an aggravating consideration for his sentencing.

The Court has repeatedly recognized this kidnapping conspiracy was a foolish scheme. While the government does not disagree, that acknowledgement should not be considered to trivialize the seriousness of Green, Jr.'s crime. However ill-advised the plan may have been, it was far, far more than a mere capricious scheme to the victims. The victims were traumatized and paranoid after Green, Jr.'s attack on Victim #1. Victim #2 has suffered from panic attacks subsequent to the events. She watches security camera feeds for a period of time before going outside her home to ensure no one is lying in wait for her, and fears to let her children play outside. PSR at ¶¶39, 42. What's more, however dubious it may have been, the plan nearly worked. In the moments where Green, Jr. successfully deployed the stun gun against Victim #1's neck, he was incapacitated as planned. Victim #1's ability to fight off Green, Jr. was fortunate, but misfortune could have instead seen him restrained and delivered to Avila's control. Accordingly, the incredulity of the scheme should not be considered to mitigate Defendant's sentence.

### III. CONCLUSION

To be certain, the defendant is young. So, too, were his victims. After careful consideration of all relevant factors, the United States reaffirms its recommendation that Antwuan Green, Jr. should be sentenced to a term of imprisonment of 33 months, followed by three years of supervised release, assessed a $100 special assessment, and ordered to pay $428 in restitution.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

        s/Jessica W. Knight
        JESSICA W. KNIGHT (0086615)
        Assistant United States Attorney

        CHRISTOPHER N. ST. PIERRE (0097673)
        Special Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        Phone No.: (614) 469-5715
        Fax No.: (614) 469-5653
        Email: Jessica.Knight@usdoj.gov
                Christopher.St.Pierre@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Addendum to the Government's Sentencing Memorandum was served electronically via the Court's CM/ECF system on this 24th day of March 2022, and upon counsel for Defendant Antwuan Green, Jr.

        s/Christopher N. St. Pierre
        CHRISTOPHER N. ST. PIERRE (0097673)
        Special Assistant United States Attorney